# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-2991

———————————————

Shamrock Hills, LLC, doing business as Shamrock Roofing and Construction

*Plaintiff - Appellant*

v.

State of Iowa; Iowa Insurance Division; Doug Ommen, in his official capacity as Insurance Commissioner of the Iowa Insurance Division; David Sullivan, in his official capacity as Assistant Bureau Chief of the Iowa Insurance Division Market Regulation Bureau

*Defendants - Appellees*

------------------------------

National Association of Public Insurance Adjusters

*Amicus on Behalf of Appellee(s)*

———————

Appeal from United States District Court
for the Southern District of Iowa - Central

———————

Submitted: April 16, 2026
Filed: August 12, 2026

———————

Before KELLY, GRASZ, and KOBES, Circuit Judges.

———————

GRASZ, Circuit Judge.

Shamrock Hills, LLC is an Iowa residential contractor. It sued the State of Iowa, Iowa's Insurance Division, and two state officials, alleging two Iowa statutes regulating public adjusting are void for vagueness and violate its First Amendment rights on their faces and as applied. Iowa moved to dismiss Shamrock Hills's complaint under Federal Rule of Civil Procedure 12(b)(6), and the district court granted its motion. We affirm in part because the two statutes are facially constitutional and are not void for vagueness, reverse in part because the district court did not properly evaluate Shamrock Hills's as-applied challenge, and remand for further proceedings consistent with this opinion.

## I. Background

A "public adjuster" is "a person who, for compensation," (1) "acts for or aids an insured in negotiating or affecting the settlement of a first-party claim for loss or damage to real or personal property of an insured," (2) "advertises for employment as a public adjuster of first-party insurance claims or otherwise solicits business or represents to the public that the person is a public adjuster of first-party insurance claims for loss or damage to real or personal property of an insured," or (3) "directly or indirectly solicits business investigating or adjusting losses, or advising an insured about first-party claims for loss or damage to real or personal property of the insured." Iowa Code § 522C.2(18)(a)–(c) (cleaned up).[1]

---

[1]A slightly different version of § 522C.2(18), which was codified at § 522C.2(7), was effective when this case was filed. But the minor differences between that version and this one do not moot this case. *See Smithfield Foods, Inc. v. Miller*, 367 F.3d 1061, 1064 (8th Cir. 2004) ("A controversy is not moot if the new statute is sufficiently similar to the repealed statute that it is permissible to say that the challenged conduct continues." (cleaned up)). So we will consider Shamrock Hills's challenges as being against § 522C.2(18). *See Rosenstiel v. Rodriguez*, 101 F.3d 1544, 1548 (8th Cir. 1996) ("[W]e must review the judgment appealed from in the light of the [Iowa] statute as it now stands, not as it stood . . . ."). And we will refer to caselaw construing § 522C.2(7) as if it construed § 522C.2(18).

Before someone can practice public adjusting in Iowa, they must be licensed. *Id.* § 522C.4(1). If someone "act[s] as an adjuster without proper licensure," they commit a class D or C felony, depending on whether "the violation results in a loss of more than ten thousand dollars." *Id.* § 522C.14(2)(a).

Iowa also prevents "residential contractor[s]" from "represent[ing] or negotiat[ing] on behalf of, or offer[ing] or advertis[ing] to represent or negotiate on behalf of, an owner or possessor of residential real estate on any insurance claim in connection with the repair or replacement of roof systems, or the performance of any other exterior repair, exterior replacement, or exterior reconstruction work on the residential real estate." Iowa Code § 103A.71(3). Put differently, this provision means residential contractors cannot be both the contractor and the public adjuster on the same project. *See* Iowa Ins. Div., *Guidance for Contractors and Public Adjusters*, Iowa, https://perma.cc/72GZ-HC9J ("If a contractor, individual, or company, obtains a Public Adjuster license they cannot be the contractor and Public Adjuster on the same project."). Contractors commit "an unlawful practice" when they run afoul of this provision and may be fined up to $40,000 per violation. Iowa Code §§ 103A.71(5)(b), 714.16(7).

David Sullivan, the Assistant Bureau Chief of the Iowa Insurance Division's Market Regulation Bureau, sent Shamrock Hills two "warning notices" pursuant to these statutes. The first notice states that the Bureau had "completed a review of [Shamrock Hills's] business activities and ha[d] identified activity consistent with unlicensed public adjusting," including "stat[ing], offer[ing], present[ing], or advertis[ing] that [Shamrock Hills] will become involved with the consumer's insurance company negotiating for or effecting the consumer's insurance claim." This notice also provided several examples of prohibited conduct and instructed Shamrock Hills to immediately take several "required actions," including "[r]emov[ing] all wording from [its] advertising . . . that infers or represents that [it] will perform the actions/duties of a public adjuster . . . ." The second notice listed nearly two dozen examples where, in the Bureau's view, Shamrock Hills had

-3-

improperly "give[n] the impression to Iowa consumers that [it] w[ould] 'affect the settlement' of the consumers['] insurance claim[s]."

After receiving these notices, Shamrock Hills filed this case against the State of Iowa, the Iowa Insurance Division, Doug Ommen, in his official capacity as Iowa's Insurance Commissioner, and Sullivan, in his official capacity as Assistant Bureau Chief (collectively, Iowa). Shamrock Hills alleged §§ 522C.2(18) and 103A.71(3) violate the First Amendment and are void for vagueness on their faces and as applied.

Iowa moved to dismiss under Rule 12(b)(6), arguing (1) the State and the Insurance Division are immune from suit in federal court under the Eleventh Amendment; (2) the Iowa Administrative Procedures Act is Shamrock Hills's exclusive remedy; (3) the federal courts should decline to interfere with a state's ongoing enforcement proceeding under *Younger v. Harris*, 401 U.S. 37 (1971); (4) the federal courts should abstain under *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941), because Iowa courts could rule on state statutory grounds and avoid the constitutional questions; and (5) Shamrock Hills did not state cognizable First Amendment or vagueness challenges. The district court granted Iowa's motion, explaining that the State and the Insurance Division are entitled to Eleventh Amendment immunity and that Shamrock Hills had not stated cognizable claims under the First or Fourteenth Amendments. The district court rejected Iowa's other arguments. Shamrock Hills appeals.

## II. Analysis

Before addressing the merits of its appeal, we note Shamrock Hills only raised whether the district court erred by dismissing its First Amendment and void for vagueness challenges to §§ 522C.2(18) and 103A.71(3) for failure to state a claim. We limit our analysis accordingly. *See, e.g.*, *United States v. O'Neal*, 17 F.3d 239, 243 n.8 (8th Cir. 1994) ("[A]n appellate court may review only the issues specifically raised and argued in an appellant's brief." (quoting *United States v. Simmons*, 964

F.2d 763, 777 (8th Cir. 1992))). We review both issues de novo and discuss them in turn. *See SD Voice v. Noem*, 60 F.4th 1071, 1077 (8th Cir. 2023); *United States v. Deng*, 104 F.4th 1052, 1054 (8th Cir. 2024).

## A. First Amendment

The First Amendment says, "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. In addition to "verbal and written statements," this "protection extends . . . to expressive conduct that is 'sufficiently imbued with elements of communication.'" *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 957 (8th Cir. 2019) (quoting *Texas v. Johnson*, 491 U.S. 397, 404 (1989)). And because the First Amendment's protections were incorporated through the Fourteenth Amendment, they apply to state laws like §§ 522C.2(18) and 103A.71(3). *See Josephine Havlak Photographer, Inc. v. Village of Twin Oaks*, 864 F.3d 905, 913 (8th Cir. 2017).

Shamrock Hills alleges §§ 522C.2(18) and 103A.71(3) violate the First Amendment because they define "a 'public adjuster' by a person's speech." If this case had come before us 10 years ago, our analysis would have differed. Both statutes regulate the profession of public adjusting, so we would have applied the professional speech doctrine and shielded them from First Amendment scrutiny. *See Young v. Ricketts*, 825 F.3d 487, 493–94 (8th Cir. 2016), *abrogated by Nat'l Inst. of Fam. & Life Advocs. v. Becerra* (*NIFLA*), 585 U.S. 755 (2018). Under this doctrine, speech "between professionals and their clients in the context of their professional relationship" was not entitled to the First Amendment's protections. *E.g.*, *Nat'l Inst. of Fam. & Life Advocs. v. Harris*, 839 F.3d 823, 839 (9th Cir. 2016), *rev'd sub nom.*, *NIFLA*, 585 U.S. 755. But the Supreme Court rejected the professional speech doctrine in *NIFLA*, holding "[s]peech is not unprotected merely because it is uttered by 'professionals.'" 585 U.S. at 767; *accord Chiles v. Salazar*, 146 S. Ct. 1010, 1022 (2026) ("[T]he First Amendment's protections extend to licensed professionals much as they do to everyone else."). So to survive Shamrock Hills's challenges,

§§ 522C.2(18) and 103A.71(3) must pass muster under the ordinary First Amendment analysis. *See Vizaline, LLC v. Tracy*, 949 F.3d 927, 929 (5th Cir. 2020).

Cognizant of this, Iowa counters that §§ 522C.2(18) and 103A.71(3) only regulate when Shamrock Hills may engage in the practice of public adjusting, which in its view is conduct rather than speech. States enjoy wide latitude to regulate "non-expressive conduct," *Baribeau v. City of Minneapolis*, 596 F.3d 465, 478 (8th Cir. 2010), even when that conduct is "in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949). And states may even impose restrictions on conduct that incidentally burden speech. *Sorrell v. IMS Health, Inc.*, 564 U.S. 552, 567 (2011). But "the mere fact that speech is accompanied by conduct does not mean that the speech can be suppressed under the guise of prohibiting the conduct." *Amalgamated Food Emps. Union Loc. 590 v. Logan Valley Plaza, Inc.*, 391 U.S. 308, 323 (1968). Relevant here, this means states may not impose licensing requirements as an end run around the First Amendment's prohibition against regulating speech as speech. *See NAACP v. Button*, 371 U.S. 415, 439 (1963) ("[A] State may not, under the guise of prohibiting professional misconduct, ignore constitutional rights."). Nor may they shield their statutes from review by calling speech conduct. *See Chiles*, 146 S. Ct. at 1023 ("The First Amendment is no word game. And the rights it protects cannot be renamed away or their protections nullified by 'mere labels.'" (quoting *Button*, 371 U.S. at 429)).

So the question is whether §§ 522C.2(18) and 103A.71(3) regulate only non-expressive conduct, restrict speech only incidentally to their regulation of non-expressive conduct, or regulate only speech. *See Vizaline*, 949 F.3d at 931. While this may seem like a straightforward inquiry, it is anything but. "[D]rawing the line between speech and conduct can be difficult," even in run-of-the-mill cases. *Brandt ex rel. Brandt v. Griffin*, 147 F.4th 867, 888 (8th Cir. 2025) (en banc) (quoting *NIFLA*, 585 U.S. at 769). And when it comes to deciding whether professional licensing regimes like the one at issue here regulate conduct or speech, few questions have given the courts of appeals more trouble. *See, e.g.*, Petition for Writ of

Certiorari at 10–16, *McLemore v. Gumucio*, 25-575 (U.S. Nov. 10, 2025) (detailing the circuits' varied approaches to this issue), *denied*, 146 S. Ct. 892 (2025). "The relevant First Amendment doctrine is a mind-numbing morass of tangled precedents . . . ." *Hines v. Pardue*, 117 F.4th 769, 775 (5th Cir. 2024) (cleaned up), *cert. denied*, 224 L. Ed. 2d 496 (2026); *accord Richwine v. Matuszak*, 148 F.4th 942, 953–54 (7th Cir. 2025).

### i. Facial Challenge

With this framing, we start with Shamrock Hills's facial challenge to §§ 522C.2(18) and 103A.71(3). To get past the pleading stage, it must have alleged "that no set of circumstances exist[] under which [§§ 522C.2(18) and 103A.71(3)] would be valid, or that the statute[s] lack[] any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 472 (2010) (cleaned up); *accord Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615 (2021). It did not do so.

Take § 522C.2(18)(a). It prevents someone from "act[ing] for or aid[ing] an insured in negotiating or affecting the settlement of" certain insurance claims without a public adjuster license. And we know that a contractor aided an insured in affecting "the settlement of their claim" when it "attended the inspection of the . . . property with the [insurer's] representatives" and "submitted the first estimate to [the insurer]," because the Iowa Supreme Court has said as much. *33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 80–81 (Iowa 2020); *see also Minn. Voters All. v. Mansky*, 585 U.S. 1, 17 (2018) ("We consider a State's 'authoritative constructions' in interpreting a state law." (quoting *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1992))).

Neither attending an inspection nor submitting an estimate are "intended to be communicative" or, "in context, would reasonably be understood by the viewer to be communicative," so they amount to conduct rather than speech. *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 294 (1984); *see also Amalgamated Food*, 391 U.S. at 315–16 ("Handbilling, like picketing, involves conduct other than

-7-

speech, namely, the physical presence of the person distributing leaflets . . . ."); *Lichtenstein v. Hargett*, 83 F.4th 575, 579 (6th Cir. 2023) ("Tennessee's ban prohibits an act: distributing a government form. This act qualifies as conduct, not speech."); *Schroeder v. Mabellos*, 29 F.3d 634 (9th Cir. 1994) (unpublished table decision) ("The act of handing legal papers to another . . . is not in itself an expressive act.").

Based on our reading, § 522C.2(18)(a) also prohibits unlicensed public adjusters from engaging in several other activities in connection with negotiating or affecting the settlement of claims. For example, assessing damage to property, preparing estimates, reviewing insurance policies, evaluating coverage, submitting claims, devising strategies for pursuing coverage, and reviewing and filing legal documents all appear to fall within the statute. And some of these activities no doubt amount to conduct. *See, e.g.*, *Tex. Dep't of Ins. v. Stonewater Roofing, Ltd.*, 696 S.W.3d 646, 657 (Tex. 2024) ("[S]ettling a property-loss claim implicates a great deal of nonexpressive activity," including "evaluating insurance coverage, assessing property value, assessing property damage, and calculating repair costs."); *see also Upsolve, Inc. v. James*, 155 F.4th 133, 141 (2d Cir. 2025) (suggesting "draft[ing] pleadings, appear[ing] in court, or fil[ing] any legal documents" is conduct), *cert. denied*, 224 L. Ed. 2d 361 (2026); *Hines*, 117 F.4th at 778 ("Critically, not *all* of Dr. Hines's conduct was barred. Indeed, the State did not find Dr. Hines's review of the owner's email or video or the substance of his diagnosis and treatment plan violative . . . ; the State did not penalize Dr. Hines for viewing charts or considering different medical reports. And the State did not penalize him for applying a splint or administering medicine — nor could they."); *Del Castillo v. Sec'y, Fla. Dep't of Health*, 26 F.4th 1214, 1225–26 (11th Cir. 2022) ("Assessing a client's nutrition needs, conducting nutrition research, developing a nutrition care system, and

integrating information from a nutrition assessment are not speech. They are 'occupational conduct.'").[2]

Since § 522C.2(18)(a) may be constitutionally applied to prevent unlicensed public adjusters from engaging in the conduct identified above, it has a plainly legitimate sweep and survives Shamrock Hills's facial challenge. *See Stevens*, 559 U.S. at 472. And because § 103A.71(3) "regulate[s] the same conduct" as § 522C.2(18), *33 Carpenters*, 939 N.W.2d at 79–80, so does § 103A.71(3).

### ii. As-Applied Challenge

Shamrock Hills's as-applied challenge may be a different story. When weighing an as-applied challenge under the First Amendment, we "only consider whether the statute can be applied to [the] specific conduct [at issue] without

---

[2]The Texas Supreme Court upheld Texas's analogous provision in part because it prevented unlicensed public adjusters from serving as insureds' agents in "negotiating for or effecting" the settlement of claims. *Stonewater Roofing*, 696 S.W.3d at 656. As it saw things, "assuming authority to act 'on behalf of' someone else gives rise to a status of legal significance that carries material consequences for the principal and imposes corresponding burdens on the agent. Status and capacity are not speech." *Id.* (footnotes omitted). This analysis could apply to § 522C.2(18)(a). But we are skeptical of this approach because it would allow states to curtail speech as speech under the guise of regulating agency in the contexts of many professions. *See Amalgamated Food*, 391 U.S. at 323; *see also Holder v. Humanitarian L. Project*, 561 U.S. 1, 26–28 (2010) (concluding the First Amendment was implicated when a statute was applied to prevent lawyers from providing "training on the use of international law or advice on petitioning the United Nations"); *Upsolve, Inc.*, 155 F.4th at 141 (holding application of New York's unauthorized practice of law statutes to non-lawyers implicated the First Amendment because they were triggered by "communicat[ing] legal advice to . . . potential clients"). This sounds an awful lot like a watered-down version of the professional speech doctrine. *See NIFLA*, 585 U.S. at 767 ("This Court has been reluctant to mark off new categories of speech for diminished constitutional protection." (cleaned up)).

violating the Constitution." *PETA v. Reynolds*, 173 F.4th 959, 966 (8th Cir. 2026). This analysis proceeds in three steps. *Id.* "First, we decide whether the activity at issue is . . . protected by the First Amendment." *Id*. (quoting *Green v. DOJ*, 54 F.4th 738, 745 (D.C. Cir. 2022)). Second, if the activity is covered by the First Amendment, "we determine what level of scrutiny applies," generally "by deciding whether the statute is content based or content neutral." *Id.* "And third, we 'apply the appropriate level of scrutiny.'" *Id.* (quoting *Whitton v. City of Gladstone*, 54 F.3d 1400, 1403 (8th Cir. 1995)).

The district court did not engage in this analysis. Instead, it dismissed Shamrock Hills's as-applied challenge, like its facial challenge, because, in its view, §§ 522C.2(18) and 103A.71(3) "specifically target[] professional conduct, merely incidentally burden[] free speech — if at all — and do[] not carry a risk of suppressing unpopular ideas . . . ." That is, because the district court decided the statutes do not regulate speech as speech, it did not analyze how Iowa applied them to Shamrock Hills. This was error for two reasons.

First, the focus of an as-applied challenge must be on a particular application of a statute to a plaintiff's conduct. *See id.* The district court consequently should have analyzed whether Iowa's application of §§ 522C.2(18) and 103A.71(3) to Shamrock Hills, via the warning notices discussed above,[3] violated its rights. And second, when Iowa applied these statutes to prevent Shamrock Hills from telling insureds it will, for example, "assist [them] with the claims process," "[h]elp[] [them] navigate the insurance red tape," "assist with insurance claims," or "walk[] [them] through everything with insurance reimbursement," it regulated speech as speech. *See Chiles*, 146 S. Ct. at 1026. Such applications trigger strict scrutiny. *See id.* at 1023 (holding strict scrutiny applies to restrictions on professionals' speech when "all [they] do[] is speak with clients"); *see also Tingley v. Ferguson*, 144 S.

---

[3]We may consider these notices in ruling on Iowa's motion to dismiss because Shamrock Hills incorporated them into its complaint by reference. *See Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).

Ct. 33, 34 (2023) (Thomas, J., dissenting from the denial of certiorari) ("If speaking to clients is not speech, the world is truly upside down." (cleaned up)).

We accordingly reverse the district court's dismissal of Shamrock Hills's as-applied challenge and remand this issue for further proceedings.[4]

## B. Void-for-Vagueness Challenges

Shamrock Hills alleged §§ 522C.2(18) and 103A.71(3) are void for vagueness on their faces and as applied. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Statutes must "provide adequate notice of the proscribed conduct" and avoid "lend[ing] [themselves] to arbitrary enforcement" to survive vagueness challenges. *Nygard v. City of Orono*, 39 F.4th 514, 519 (8th Cir. 2022) (quoting *United States v. Barraza*, 576 F.3d 798, 806 (8th Cir. 2009)).

"The degree of vagueness that the Constitution tolerates — as well as the relative importance of fair notice and fair enforcement — depends in part on the nature of the enactment." *Village of Hoffman Estates v. Flipside, Hoffman Ests.,*

---

[4]Iowa maintains that it needs to regulate public adjusters to protect its citizens. It plainly has a compelling interest in doing so. *See Fla. Bar v. Went For It, Inc.*, 515 U.S. 618, 625 (1995) ("[W]e have accepted the proposition that 'States have a compelling interest in the practice of professions within their boundaries, and . . . as part of their power to protect the public health, safety, and other valid interests they have broad power to establish standards for licensing practitioners and regulating the practice of professions.'" (ellipsis in original) (quoting *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975))). But even assuming Shamrock Hills prevails on its as-applied challenge, "we are confident that the fears of regulatory impotence expressed here" are overblown, given the narrow nature of the relief at stake and Iowa's other tools for keeping would-be public adjusters in line. *Otto v. City of Boca Raton*, 41 F.4th 1271, 1278 (11th Cir. 2022) (Grant, J., concurring in the denial of rehearing en banc). And "[i]t remains to be seen whether" Shamrock Hills "can prove the allegations" that would entitle it to any relief. *Haberthur v. City of Raymore*, 119 F.3d 720, 724 (8th Cir. 1997).

-11-

*Inc.*, 455 U.S. 489, 498 (1982).  When "the law interferes with the right of free speech . . . , a more stringent vagueness test should apply."  *Id.* at 499.  Still, "perfect clarity and precise guidance have never been required even of regulations that restrict expressive activity."  *United States v. Williams*, 553 U.S. 285, 304 (2008) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 794 (1989)); *Grayned*, 408 U.S. at 110 ("Condemned to the use of words, we can never expect mathematical certainty from our language.").  Rather, even in this context, a statute is only void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."  *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18 (2010) (quoting *Williams*, 553 U.S. at 304).

We start with Shamrock Hills's as-applied challenge because "a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law . . . ."  *E.g.*, *United States v. Lazzaro*, 129 F.4th 514, 525 (8th Cir. 2025) (cleaned up); *accord Holder*, 561 U.S. at 18–19; *Village of Hoffman Estates*, 455 U.S. at 495.  And "we must take the statute as though it read precisely as the highest court of the State has interpreted it."  *Wainwright v. Stone*, 414 U.S. 21, 22–23 (1973) (quoting *Minnesota ex rel. Pearson v. Prob. Ct.*, 309 U.S. 270, 273 (1940)).

As noted above, the Iowa Supreme Court has construed §§ 522C.2(18) and 103A.71(3) to cover the same conduct, and it has provided a good deal of guidance regarding what they cover.  *See 33 Carpenters*, 939 N.W.2d at 80–81.  Specifically, it explained that a contractor acts for and aids an insured in negotiating and effecting the settlement of a claim when it directs the insured to file a claim, attends inspections with the insurer, discusses the work needed to repair an insured's property with the insurer, and submits estimates to an insurer.  *Id.*  It also explained that telling an insured they should file a claim amounts to "advising an insured" about the claims process.  *Id.* at 81.  There is no dispute that many of the actions Iowa identified in applying the statutes to Shamrock Hills — including submitting claims to insurers, negotiating with insurers on behalf of insureds, interpreting insurance policies, and walking insureds through the claims process — fall within

-12-

the statutes as they have been construed by Iowa's Supreme Court. So the district court was right to dismiss both Shamrock Hills's as-applied and facial vagueness challenges. *See, e.g.*, *Nygard*, 39 F.4th at 519.[5]

### III. Conclusion

For these reasons, the district court's judgment is affirmed in part because §§ 522C.2(18) and 103A.71(3) do not violate the First Amendment on their faces and are not void for vagueness. It is reversed in part because the district court did not properly evaluate Shamrock Hills's as-applied challenge. And the case is remanded for further proceedings consistent with this opinion.

KELLY, Circuit Judge, dissenting in part.

I concur in the court's opinion, with one exception: I would not reach the as-applied challenge.

Shamrock Hills brought both a facial and an as-applied First Amendment challenge in its complaint. But the as-applied challenge was not fully litigated at the district court, and as the court notes, the district court did not rule on it. On appeal, Shamrock Hills does not mention this omission, nor does it ask for the relief the court grants here: a remand for the district court to conduct further proceedings on this claim. Rather, Shamrock Hills contends the Iowa public adjuster laws regulate

---

[5]Shamrock Hills's facial vagueness challenge alternatively fails on its merits. To survive Iowa's motion to dismiss this claim, Shamrock Hills needed to allege the statutes are "vague, not in the sense that [they] require[] a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Coates v. City of Cincinnati*, 402 U.S. 611, 614 (1971). And given the substantial guidance the Iowa Supreme Court has provided and that the statutes' operative terms — negotiate, settle, advertise, solicit, and represent — have "well-established meanings" in the contexts in which they were used, we cannot say they are vague under this standard. *Johnson v. John Deere Co.*, 935 F.2d 151, 156 (8th Cir. 1991) (cleaned up).

-13-

speech, not conduct, and thus, those laws violate the First Amendment. True, Shamrock Hills describes the notices it received that form the basis for its constitutional challenge. But it does not engage in an as-applied analysis to these notices, instead arguing only that the actions listed in §§ 103A.71(3) and 522C.2(18) are speech. See Tukaye v. Trump, 157 F.4th 958, 961 n.2 (8th Cir. 2025) ("Claims not raised in an opening brief are deemed waived.") (citation omitted).

Because Shamrock Hills failed to develop an argument to support a remand on its as-applied First Amendment challenge, I would not reach it.

_____